## R. E. WHITE V. MASON COUNTY.

### No. 397.

1. **Board of Prisoners.**—Appellant brought suit against appellee for the board of three prisoners, two of whom were indicted in Kimble County for murder, and one was indicted in Sutton County for murder, whose cases had been removed by change of venue to Mason County, and were there held by the sheriff. All the prisoners, by order of the District Court of Mason County, were transferred to the sheriff of Travis County for safe keeping, on account of the insecurity of the jail at Mason. Appellant presented a claim for board of these prisoners for a total of 363 days, at seventy-five cents a day, to the Commissioners Court of Mason County; its payment was refused. Suit was brought on the claim in the District Court, and judgment was against appellant. *Held*, that appellee, not having made any contract, was not liable. Article 1062 of the Code of Criminal Procedure places the liability for appellant's claim on Sutton and Kimble Counties, respectively.

2. **County Not Liable to Sheriff, When.**—Under article 279 of the Code of Criminal Procedure, when a prisoner is removed to a county for safe keeping, the county keeping the prisoner can recover expenses attending the custody and safe keeping of the prisoner from the county transferring him; but this article does not create any liability against the county in favor of sheriffs.

APPEAL from Mason. Tried below before Hon. W. M. ALLISON.

*West & Cochran*, for appellant.—Code of Criminal Procedure, articles 279, 1073–1074.

*M. Fulton*, for appellee.—Code of Criminal Procedure, articles 589, 1062.

JAMES, CHIEF JUSTICE.—The suit was by the sheriff of Travis County to recover of appellee for the board of three prisoners, two of whom had been indicted in Kimble County for murder and whose cases had been removed by change of venue to Mason County, and by order of the District Court of Kimble County had been delivered to the sheriff of Mason County; the other prisoner had been indicted for murder in Sutton County, and in like manner his case had been removed to Mason County, and he delivered to the sheriff of Mason County. The latter prisoner was transferred to the sheriff of Travis County for safe keeping on account of the insecurity of the jail at Mason, by an order of the District Court of Mason County; and the two other prisoners, after conviction in Mason County, were by similar order delivered to the sheriff of Travis for safe keeping pending their appeal.

The sheriff of Travis County presented a claim for board of these prisoners for a total of 363 days, at the rate of seventy-five cents per day, to the County Commissioners Court of Mason County, under article 1073, Code of Criminal Procedure, and its payment was refused.

This suit was brought by the sheriff to recover the amount thereof from Mason County. The District Court rendered judgment in favor of the defendant, evidently on the ground that Mason County was not liable for the board of these prisoners, and that the liability to the sheriff rested upon the counties whose prisoners they originally were. The judgment of the District Court was in our opinion correct.

There is no claim that Mason County made or attempted to make any contract in the premises, and it is clear that if liable at all it must be so by reason of a liability which the law imposed on that county.

Articles 1073 and 1074 of the Code of Criminal Procedure provide, that in such cases the sheriff shall make out his account and submit the same to the county judge of his county, who shall carefully examine the same and write thereon his approval for such amount as he finds to be correct, stating the amount so approved by him, and that this shall be presented to the Commissioners Court of the county liable for same, and such court shall, if the charges are in accordance with law, order a draft to issue therefor in favor of the sheriff.

Article 1062 of said Procedure enacts, that each county shall be liable for all the expenses incurred on account of the safe keeping of prisoners confined in their respective jails or kept under guard, except prisoners brought from another county for safe keeping or on habeas corpus or change of venue, in which cases the county from which the prisoner is brought shall be liable for the expenses of his safe keeping.

The latter article would imply that a county is not liable for the keeping of any but its own prisoners. The sheriff who keeps the prisoners is not authorized to look to a particular county for the keeping of prisoners brought to its jail from another county.

Article 1073 supports this conclusion. It provides the mode of authenticating the claim and of its payment. Suppose the account had been paid by the county of Mason. It would then appear that the statutory process of collection had been exhausted. The sheriff of Mason would not be authorized to collect from the counties of Sutton and Kimble, as there would be nothing due him in respect to the claim. There is no provision by which the county of Mason could propound the claim and its payment required by the commissioners of those counties, and a suit would be necessary to enable Mason County to enforce its collection. We do not think a construction should be placed on these articles which would lead to this result. The statute (article 1073) doubtless intended that the mode provided by it should be a complete one in respect to the payment of such claim. This could not be unless the sheriff is required to look to the county from which the prisoner was originally sent. We think that article 1062 places the liability for the sheriff's claim on Sutton and Kimble Counties respectively.

Article 279 of said code provides, that in every case where for want of a safe jail in the proper county a prisoner is committed to the jail of another county, the last named county shall have the right to recover by civil action in a court of competent jurisdiction of a county from which the prisoner was sent an amount of money not exceeding seventy-five cents per day on account of the expenses attending the custody and safe keeping of the prisoner. This article has no bearing on this case, where the suit is not one brought by the county of Travis. Appellee urges that Mason County was liable to the plaintiff, and had the right under this article to require the counties from which the prisoners came to compensate it.

The article does not create any liability against the county in favor of sheriffs.

The judgment is affirmed.

*Affirmed.*

Delivered May 30, 1894.